United States District Court
Southern District of Texas
**ENTERED**
April 06, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00040 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner David James is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") and is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se*, James filed a construed habeas corpus petition on February 5, 2020. On February 24, 2020, the undersigned construed James's filing as a 28 U.S.C. § 2254 petition and ordered him to re-file it on the proper form. On March 20, 2020, James re-filed the petition under 28 U.S.C. § 2241, claiming that he is not in custody pursuant to a state judgment and the TDCJ is violating his due process and equal protection rights by keeping him in custody. (D.E. 9, 10). James contends that his 60-year total sentence ceased to operate after 15 years when he became eligible for parole. For the reasons discussed further below, it is recommended that James's petition be dismissed prior to service pursuant to the screening provisions of

Rule 4 of the Rules Governing Section 2254 Cases[1] because it is plain from the petition and attached exhibits that James is not entitled to relief.

## I. DISCUSSION

In his petition and attached memorandum of law, James contends that he was sentenced to 60 years' imprisonment for aggravated sexual assault on June 9, 2004. (D.E. 9 at 1). The TDCJ has calculated a release date of June 12, 2063.[2] However, James argues that his sentence was changed after it was imposed because he was eligible for parole after 15 years and, thus, the sentence was technically complete after 15 years. (*Id.* at 3-4). James also argues that his equal protection rights are being violated because he has to serve a flat 30 years before being eligible for parole, while other inmates only have to serve half of their sentence. (*Id.* at 5-6).

James's argument is founded on the presumption that the Texas parole statutes rendered his 60-year sentence into two separate 30-year sentences, one to be served in TDCJ custody and one on parole. (*Id.* at 4). However, Texas offenders are not entitled to parole, and the parole statutes do not operate the way James contends. States have no duty to establish a parole system and a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional expectation of parole in Texas.

---

[1] The Rules Governing Section 2254 Cases may also be applied to a § 2241 petition. Rule 1(b). A court may dismiss a petition before service under the screening provisions of Rule 4. *See Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

[2] Release date information is available on the TDCJ by searching for an offender's name. *See* https://offender.tdcj.texas.gov/OffenderSearch/search.action.

*Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Thus, the Texas parole statutes do not confer a liberty interest protected by due process. *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). Because James had no constitutional expectation of parole and no constitutionally protected liberty interest in obtaining parole, the statutes at issue could not have split his 60-year sentence in two, with 30 years guaranteed to be served on parole. *See Greenholtz*, 442 U.S. at 7.

Although James contends that his sentence was changed after it was imposed, that is not the case. As James acknowledges, the state court sentenced him to 60 years' imprisonment. (*See* D.E. 9 at 1). That is the length his sentence remains. Based on his mistaken belief that the sentence was split into two 30-year sentences, James cites Tex. Gov't Code § 508.145(d)(2), which provides that an inmate "is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good time conduct, equals one-half of the sentence or 30 calendar years, whichever is less." Tex. Gov't Code § 508.145(d)(2). Based on this, James claims that he was eligible for parole after 15 years, or half of the supposed 30-year sentence in TDCJ custody. This argument is nonsensical. It turns what James claims was a second sentence of 30 years of guaranteed parole into 45 total years of parole. Instead, § 508.145(d)(2) provides that James will be eligible for parole after 30 years. *See* Tex. Gov't Code § 508.145(d)(2). The TDCJ's estimated parole eligibility date of June 11, 2033, reflects this.[3] James has not specifically challenged the TDCJ's calculation, but rather baldly states that he was eligible for parole after 15 years.

---

[3] Parole eligibility dates are also available on the TDCJ's online offender search.

Finally, to the extent that James argues that his sentence ceased to operate when he became *eligible* for parole, that is incorrect for two reasons. Under Texas law, when an offender receives consecutive sentences, the first sentence ceases to operate "on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence." Tex. Gov't Code § 508.150(b)(2). First, Texas courts have interpreted this language to mean that the sentence ceases to operate when the inmate actually makes parole, not merely when he becomes eligible. *Byrd v. State*, 499 S.W. 3d 443, 447 (Tex. Crim. App. 2016). Second, this procedure is applicable to offenders with consecutive sentences, but as discussed above, James has a single 60-year sentence.[4]

James has no constitutional right to be released before the end of his 60-year sentence and, thus, cannot obtain relief under 28 U.S.C. § 2241. *See id.*; 28 U.S.C. § 2241(c)(3).

## II.   RECOMMENDATION

Accordingly, it is recommended that James's § 2241 petition (D.E. 10) be DISMISSED pursuant to the screening provisions in Rule 4 of the Rules Governing Section 2254 Cases. It is plain from the petition and attached exhibits that James is not entitled to relief.

---

[4] James previously filed a 28 U.S.C. § 2254 petition in this district that further discusses his state conviction. *See* S.D. Tex. Case No. 4:07-cv-03671, D.E. 19 (Memorandum Order and Opinion dismissing the petition).

Respectfully submitted this 6th day of April, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).