Case 2:20-cv-00040 Document 14 Filed on 05/21/20 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 21, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID JAMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-040 |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court for initial screening is Petitioner's habeas corpus petition (D.E. 1). On April 6, 2020, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 12), recommending that the petition be dismissed. Petitioner timely filed his objections on April 20, 2020. D.E. 13, p. 6.

Petitioner objects, arguing that the M&R fails to properly apply the language of Texas Government Code §§ 508.141, 508.145 and 508.150. In a convoluted series of semantic arguments, he claims that his judgment of conviction and 60-year sentence "ceased to operate" after he served 15 years of that sentence—long before he would be eligible for parole.

In arriving at a 15-year stop date, Petitioner first misconstrues the timing language of § 508.145(d)(2). At issue is the phrase, "one-half of the sentence or 30 calendar years, whichever is less." He argues that "one-half" can be applied to "the sentence" or to "30 calendar years." According to his argument, he is eligible for parole after either 30 years (one-half of his 60-year sentence) or 15 years (one-half of 30 calendar years), whichever

is less.  The Court rejects this interpretation as contrary to the plain language.  Instead, he is eligible after 30 years (one-half of his 60-year sentence) or 30 years (30 calendar years), whichever is less.  Thus, his eligibility for parole is after serving 30 years, not 15.

In arguing that the judgment and sentence cease to operate on that date, Petitioner draws from § 508.150, which governs the interpretation of a sentence when it is part of a series of sentences ordered to be served consecutively.  It provides that convictions carrying earlier sentences in a consecutive series cease to operate after the prisoner serves the full amount of that earlier sentence or would be eligible for release on parole if the earlier sentence were considered alone.  Overlooking the fact that this treatment of the earlier sentence does not also affect the last sentence in the series, Petitioner argues that all judgments and sentences—including his single sentence—cease to operate upon eligibility for parole.  He justifies this argument by construing the phrase, "if the inmate had been sentenced to serve a single sentence," as applying to the "cease to operate" language rather than merely to the manner of calculating the parole eligibility date.  § 508.150(b)(2).

Because Petitioner is serving a single sentence, nothing in § 508.150 regarding the treatment of earlier sentences in a consecutive series applies.  Nothing in the penal code calls for his judgment of conviction and sentence to cease to operate prior to the expiration of the full 60 years.  And Petitioner is not eligible for release on parole before he has served 30 years of his sentence.  The Court OVERRULES Petitioner's objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED**.

ORDERED this 21st day of May, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE